IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CONSTANTINO CEJAS,**

    **Petitioner,**

v.   **CIVIL ACTION NO: 3:19-CV-193 (GROH)**

**WARDEN PAUL ADAMS,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. See LR PL P 2. Magistrate Judge Trumble issued his R&R [ECF No. 18] on November 17, 2021. Therein, Magistrate Judge Trumble recommends that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons stated below, the Court **DECLINES TO ADOPT** the R&R.

### I. BACKGROUND

Upon review of the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein. However, the Court has outlined the most relevant facts below.

The Petitioner is an inmate incarcerated at FCI Hazelton in West Virginia. In 2011, the Petitioner was charged with various drug-related offenses and, as relevant here, one count of violating 18 U.S.C. § 922(g)(5) in the Southern District of Indiana. United States v. Cejas, 761 F.3d 717 (7th Cir. 2014). Prior to a jury trial on the remaining counts, the Petitioner pleaded guilty to the § 922(g)(5) charge. A jury found the Petitioner guilty of the remaining counts, and he was sentenced to 480 months of imprisonment. Id. at 722. The Petitioner previously filed a direct appeal, § 2255 petition and § 2241 petition.

On November 18, 2019, the Petitioner filed the instant petition, challenging the legality of his conviction and sentence. ECF No. 1. The Petitioner argues that his conviction is no longer valid in light of the Supreme Court's holding in Rehaif v. United States, 139 S. Ct. 2191 (U.S. 2019). For relief, the Petitioner requests that this Court vacate his § 922(g)(5)(A) conviction and set the matter for resentencing.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. ' 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Pro se filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, but courts are not required to create objections where none exist. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1971). Failure to file timely objections constitutes a waiver of de novo review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..' 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v.

2

Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on November 24, 2021. ECF No. 19. The Petitioner filed his objections on December 8, 2021. ECF No. 20. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects de novo and the remainder of the R&R for clear error.

### III. DISCUSSION

In the R&R, Magistrate Judge Trumble finds that the Petitioner is not entitled to § 2241 relief for his conviction and sentence because he cannot meet the savings clause of § 2255(e). ECF No. 18. In reviewing the Petitioner's challenge to his conviction, Judge Trumble finds the Petitioner cannot meet the three-pronged test set forth in In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), to show that relief under § 2255 is "inadequate or ineffective." Specifically, he finds that the Petitioner cannot satisfy the second prong, requiring a showing that the substantive law has changed such that the conduct for which the prisoner was convicted is deemed not to be criminal. Id. at 10–11. The R&R states,

> The crime Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of Jones.

Id. at 11.

The Petitioner objects to the R&R's finding that he failed to satisfy the second prong of Jones because the Supreme Court's holding in Rehaif v. United States did not change substantive law. See ECF No. 20. The Court reviews his objection de novo.

3

### A. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Under Jones, a § 2255 motion is inadequate or ineffective to challenge the legality of a conviction when the following three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and,
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34.

### B. Analysis

The Petitioner contends that Rehaif represents a change in substantive law because it "altered the class of person that 18 U.S.C. § 922(g) may punish" by limiting its application to defendants who know that they are felons. Id. (citing United States v. Dace, No. 16-cr-383, 2020 WL 4805761, at *2 (D. Colo. Aug. 18, 2020)). In Rehaif v. United States, the Supreme Court clarified "that in a prosecution under § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a

4

firearm." 139 S. Ct. at 2200.

Here, the Petitioner argues that he entered his guilty plea "even though he had a valid license to possess the firearm . . . based on the understanding that the Government was not required to charge and prove that Cejas knew his status" as now required under Rehaif. ECF No. 1 at 5. Thus, he avers that he is actually innocent under § 922(g).

Regardless of the ultimate outcome, the thrust of Petitioner's objection is to the Magistrate Judge's determination that he cannot satisfy the second prong of Jones. The Petitioner even cites an Order from this Court addressing the same legal issue when declining to adopt a prior R&R in another case where a prisoner raised the same objection to the R&R's Jones and Rehaif analysis. See Riley v. Gomez, Civil Action No.: 3:19-CV-48 (N.D. W. Va. Mar 30, 2021).

The Court agrees with the Petitioner about the R&R's Jones analysis. If the Government charged the Petitioner with being an alien who was illegally or unlawfully in the United States in possession of a firearm in violation of § 922(g)(5) today, the Government would need to prove that he knew he was an alien illegally or unlawfully in the United States at the time of the offensive conduct.

In support of his claim, the Petitioner attached a purported police report noting that a handgun was returned to him "after it was determined that he had a valid Indiana Gun Permit." ECF No. 1-2 at 2. Although this is hardly conclusive, a government-issued permit to carry a firearm certainly raises questions about whether the Petitioner knew he belonged to a class of individuals prohibited from possessing a firearm under § 922(g).

Upon review and consideration, the Court finds that the Petitioner can satisfy the second prong of Jones. Rehaif constitutes a substantive change to 28 U.S.C. § 922(g)

5

that makes the conduct Petitioner was convicted of no longer criminal. Rehaif added an element to a conviction under § 922(g), which the Government was not required to charge or prove at the time Petitioner pleaded guilty. Accordingly, the Court **REJECTS** the R&R's finding that the Petitioner cannot satisfy the second prong of Jones.

Additionally, the Court finds that the Petitioner has met the Jones test.[1] Under the settled law of this circuit at the time of the Petitioner's plea, the Petitioner's knowledge of his status under § 922(g)(5) was irrelevant. However, there remains an unsettled question as to whether the Petitioner knew, or likely knew, of his status at the time of his plea. The Undersigned finds the Petitioner has put forward enough evidence that the question warrants consideration. Further, as this Court has previously explained, Rehaif creates a path where petitioners may be able to satisfy the second prong of Jones. Also, the Court notes that Rehaif was decided after the Petitioner's appeal and after the sentencing court's denial of his first § 2255 motion. Finally, the new rule is statutory rather than Constitutional. See, e.g., Tate v. United States, 982 F.3d 1226 (9th Cir. 2020).

Thus, the Court **REJECTS** the R&R's conclusion that the Petitioner fails to satisfy the savings clause of § 2255(e) as to his conviction.

## V. CONCLUSION

Upon careful review of the materials in this case, the Court finds that dismissal of the petition is not warranted at this time because the Petitioner has satisfied the Jones test. Accordingly, the Court **DECLINES TO ADOPT** Magistrate Judge Trumble's Report and Recommendation. ECF No. 18. Pursuant to the Local Rules of Prisoner Litigation Procedure, the Respondent is **ORDERED** to appear and file a Response to the

---

[1] Because the magistrate judge found that the Petitioner was unable to satisfy the second Jones prong, he did not analyze the Petitioner's challenge under the first or third prongs. ECF No. 17 at 8.

Petitioner's Petition.  LR PL P 19.

This Court further **ORDERS** that this matter be **RECOMMITTED** to Magistrate Judge Trumble for further proceedings to determine whether the Petitioner's § 922(g)(5) conviction should be vacated and to adjudicate the petition on its merits.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to all counsel of record herein.

**DATED**: January 17, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE